```
                    UNITED STATES DISTRICT COURT        FILED
                    NORTHERN DISTRICT OF ALABAMA     00 JUN 23 AM 11: 04
                        NORTHWESTERN DIVISION
                                                    U.S. DISTRICT COURT
TOMMIE GASTON,                      )                N.D. OF ALABAMA
                                    )
     Plaintiff,                     )
                                    )
vs.                                 )  Civil Action No. CV-00-S-1391-NW
                                    )
ZURICH KEMPER, FEDERAL              )
KEMPER LIFE ASSURANCE               )      ENTERED
COMPANY, and DONALD L.              )
HERMAN & ASSOCIATES, INC.,          )       JUN 2 3 2000
                                    )
     Defendants.                    )
```

### MEMORANDUM OPINION

This action is before the court on a number of motions: defendant Zurich Kemper's motion to dismiss (Doc. No. 4); defendant Donald L. Herman & Associates, Inc.'s motion to dismiss (Doc. No. 5); defendants' motion to strike state court discovery (Doc. No. 7); plaintiff's motion for leave to amend his complaint (Doc. No. 9); and plaintiff's motion to remand (Doc. No. 11). The end result of this court's adjudication of those motions is that plaintiff's case shall proceed in this court solely against defendant Federal Kemper Life Assurance Company.

### I. INTRODUCTION

Plaintiff, Tommie Gaston, commenced this action in the Circuit Court of Lauderdale County, Alabama, on May 24, 2000, against the above-named defendants and various fictitious parties.[1] He seeks

---

[1] There is no provision for fictitious party practice under federal law,



to hold defendants Zurich Kemper and Federal Kemper Life Assurance Company ("Federal Kemper") liable under the law of the State of Alabama for breach of contract, bad faith, and promissory fraud. Those claims relate to plaintiff's failure to receive insurance proceeds based on his wife's death. Plaintiff's wife, Judy Gaston, had procured a $50,000.00 life insurance policy from either Zurich Kemper or Federal Kemper in late 1997. She "died from complications arising from a blood clot" on August 5, 1999.[2] Plaintiff filed a claim for insurance benefits with Zurich Kemper and Federal Kemper on August 26, 1999. That claim was denied on January 6, 2000.

Plaintiff further alleges defendant Donald L. Herman & Associates, Inc. ("Herman & Associates"), is liable for negligence. Herman & Associates is a general insurance agent for Federal Kemper. That specific claim is most relevant at this stage in the

---

and "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. 28 U.S.C. § 1441(a) (last sentence). *See also* New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (noting that plaintiff "conceded that fictitious party practice is not permitted in federal court and, thus, her failure to name the parties required that the court strike the parties"); Wiggins v. Risk Enterprise Management Limited, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) ("[T]here is no fictitious party practice in the Federal Courts."); Floyd v. Allstate Insurance Company, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998) ("[T]he fictitious Defendants named in Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law.").

[2] Complaint, attached as part of Exhibit A to defendants' notice of removal (Doc. No. 1), at ¶ 7.

proceedings, and provides, in relevant part:

> 30. Defendant Donald L. Herman & Associates, Inc. undertook a duty to investigate, evaluate, and/or review Mr. Gaston's claim. Said duty arose either by contract or by operation of law.
>
> 31. Defendant Donald L. Herman & Associates, Inc. negligently investigated, evaluated, and reviewed said claim, and/or it otherwise failed to adhere to claims handling procedures mandated by the policy in question, its contract with the other Defendants, and/or mandated by the laws of the State of Alabama.[3]

Plaintiff seeks to recover the full amount of insurance proceeds, compensatory damages for severe emotional and mental distress, and punitive damages from Zurich Kemper and Federal Kemper based on their alleged bad faith refusal to pay and promissory fraud.

Defendants timely filed a notice of removal on May 24, 2000 (Doc. No. 1). 28 U.S.C. § 1441(a) provides that removal may be effectuated for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." Defendants argue this court has original jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states ...." At first glance, this argument is without

---

[3] *Id.* ¶¶ 30-31.

3

merit, because plaintiff and defendant Herman & Associates are Alabama citizens.[4]  Stated differently, complete diversity is lacking on the face of plaintiff's complaint.

Defendants contend, however, that the doctrine of fraudulent joinder cures any removal defect premised on a lack of complete diversity. That doctrine provides that joinder under Federal Rule of Civil Procedure 20(a)[5] will be deemed fraudulent if it is done solely to defeat diversity jurisdiction. Traditionally, courts have deemed a joinder fraudulent in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.*, 154

---

[4] 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...." Defendant Federal Kemper was incorporated in Illinois, and also has its principal place of business there. Discussed further *infra*, defendant Zurich Kemper is not a legal entity, and consequently its alleged citizenship is irrelevant in determining the propriety of removal. Defendant Herman & Associates was incorporated in Alabama, and also has its principal place of business there.

[5] Federal Rule of Civil Procedure 20(a) provides:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F.3d 1284, 1287 (11th Cir. 1999). Defendants rely on the first prong of that standard, by arguing that no cause of action lies against defendant Herman & Associates. Contemporaneous with the filing of defendants' notice of removal, defendant Herman & Associates moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), based on plaintiff's failure to state a claim upon which relief could be granted. Defendant Zurich Kemper moved for dismissal on similar grounds. Defendant Federal Kemper, allegedly the only proper defendant in this case, filed its answer (Doc. No. 3) contemporaneous with the notice of removal.

In response, plaintiff requested leave to amend his complaint to add an additional defendant, Jeff Stewart. Stewart is referenced as an employee of Herman & Associates throughout certain correspondence relating to the insurance policy procured by plaintiff's former spouse. In an affidavit submitted in support of defendants' notice of removal, however, Donald L. Herman, president of Herman & Associates, specifically states that while "[t]he application with Federal Kemper for life insurance on the life of Judy Gaston was taken by insurance agent Jeff Stewart, ... Mr. Stewart is not employed by Herman & Associates."[6] The claim

---

[6] Affidavit of Donald L. Herman, attached as Exhibit C to defendants' notice of removal, at ¶ 4.

plaintiff proposes to add against Stewart is identical to the one he is pursuing against Herman & Associates — negligent investigation, evaluation, and review of plaintiff's claim for insurance benefits.

Plaintiff also conceded that defendant Zurich Kemper was due to be dismissed from the action, as it is not a legal entity (Doc. No. 10). Finally, plaintiff moved to remand the action back to state court, based on the contention Herman & Associates had not been fraudulently joined to defeat diversity.

## II. DISCUSSION

The dispositive issue in this case concerns whether plaintiff has a viable negligence claim under Alabama law against defendant Herman & Associates. The answer to that question controls the disposition of the remaining pending motions. If plaintiff has failed to state a claim against that non-diverse defendant, his motion to remand is due to be denied and the state court discovery he served on defendants is due to be stricken. Further, because plaintiff attributes the same conduct to Stewart as he does to Herman & Associates, a conclusion by this court that plaintiff has no legal cause of action against Herman & Associates precludes addition of Stewart, another non-diverse defendant, as a party.[7]

---

[7] See infra note 11.

6

The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims ...." *Kervin v. Southern Guaranty Insurance Company*, 667 So. 2d 704, 706 (Ala. 1995) (citing *Pate v. Rollison Logging Equipment*, 628 So. 2d 337, 344 (Ala. 1993); *Armstrong v. Life Insurance Company of Virginia*, 454 So. 2d 1377, 1380 (Ala. 1984), *overruled on other grounds*, *Hickox v. Stover*, 551 So. 2d 259, 264 (Ala. 1989); *Chavers v. National Security & Fire Insurance Company*, 405 So. 2d 1, 5 (Ala. 1981); *Calvert Fire Insurance Company v. Green*, 180 So. 2d 269, 272-73 (Ala. 1965)). Plaintiff attempts to sidestep that longstanding line of precedent by arguing that those cases only apply to negligence claims asserted directly against insurance companies, like Federal Kemper, not agents of insurance companies that have claim investigation duties, like Herman & Associates.[8] Plaintiff cites other scenarios in which insurance

---

[8] In affidavit, Donald L. Herman states that it took on no investigatory role regarding plaintiff's claim for insurance benefits:

> 6. Herman & Associates did not have any knowledge of Judy Gaston's death or the claim made by the plaintiff until after the claim was denied when Herman & Associates received a carbon copy of the denial letter from Federal Kemper addressed to the plaintiff Tommie Gaston.
>
> 7. Herman & Associates did not conduct any investigation, evaluation or review of the plaintiff's claim, nor did it ever undertake a duty to do so. Herman & Associates did not participate in any manner in the decision to deny the plaintiff's claim. Herman & Associates had absolutely no involvement with the claim.

7

agents have been sued for negligence as support for his argument. *See generally Bird v. Metropolitan Life Insurance Company*, 705 So. 2d 363 (Ala. 1997 (agent's negligent failure to procure insurance); *Alabama Plating Company v. United States Fidelity and Guaranty Company*, 690 So. 2d 331 (Ala. 1996) (agent's negligent failure to provide notice of a claim); *Weninegar v. S.S. Steele & Company*, 477 So. 2d 949 (Ala. 1985) (agent's negligent act of permitting insurance policy to lapse).

This court is not persuaded by plaintiff's argument, and finds that plaintiff's negligence claim against Herman & Associates is not cognizable under Alabama law. Rather, plaintiff's claims arising out of his inability to recover insurance proceeds lie solely against the insurer, Federal Kemper. Assuming *arguendo* that Federal Kemper contracts with Herman & Associates to investigate and evaluate claims, <u>such a contractual relationship does not impose a legal duty upon Herman & Associates with respect to plaintiff</u>. That point distinguishes plaintiff's negligent

---

Herman affidavit at ¶¶ 6-7. At this stage in the proceedings, however, this court must accept plaintiff's allegations as true, and assume that Herman & Associates undertook an investigation of plaintiff's claim. *See* Deerman v. Federal Home Loan Mortgage Corporation, 955 F. Supp. 1393, 1397 (N.D. Ala. 1997) ("The court must take factual allegations as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.") (citing In re Johannessen, 76 F.3d 347, 350 (11th Cir. 1993)).

investigation claim from other instances, noted *supra*, where Alabama courts have permitted an insured to sue an agent for some type of negligence. A number of statements recently made by a California state court regarding an adjuster's lack of liability for negligent investigation and processing of an insurance claim are immediately relevant here:

> [T]he insurer-retained adjuster is subject to the control of its clients, and must make discretionary judgment calls. The insurer, not the adjuster, has the ultimate power to grant or deny coverage, and to pay the claim, delay paying it, or deny it. Further, while the insurer's potential liability is circumscribed by the policy limits, and the other conditions, limits and exclusions of the policy, the adjuster has no contract with the insured and would face liability without the chance to limit its exposure by contract. Thus, the adjuster's role in the claims process is "secondary," yet imposing a duty of care could expose him to liability greater than faced by his principal the insurer.
>
> Imposing a duty also would subject the adjuster to conflicting loyalties. Insurers and insureds often disagree as to coverage or the amount of loss. An adjuster cannot argue both sides of such disputes, any more than a lawyer can represent opposite sides in a lawsuit. An adjuster owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty, and interfere with its faithful performance.
>
> . . .
>
> Our conclusion is also consistent with the general law of agency. An adjuster is an agent hired by a principal, the insurer, to investigate a claim. Agents are not liable to third parties for economic loss:

> "An agent's mere failure to perform a duty owed to his principal may render him liable to third persons who relay on his undertaking where there is physical damage to person or property. ... But where the effect is merely to cause economic loss, the law does not yet recognize liability to a third person, except where a duty is created by statute. ..."

*Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, 253-55 (Cal. Ct. App. 1999) (citations omitted).

While not binding on this court, the arguments made by the *Sanchez* court are persuasive. As an agent of Federal Kemper, Herman & Associates has legal responsibilities to that entity, not plaintiff.[9] The documents submitted by plaintiff in support of remand, particularly Federal Kemper's letter indicating a denial of benefits dated January 6, 2000,[10] reiterates that Federal Kemper, not Herman & Associates, had final decision-making authority in deciding plaintiff's claim. Accordingly, plaintiff's contentions that Federal Kemper erred in denying him insurance benefits are properly pursued through his breach of contract, bad faith, and promissory fraud claims against that entity, not any claim against

---

[9] Plaintiff nowhere contends that he independently hired an insurance adjuster to investigate, evaluate, and review his claim for insurance proceeds arising out of his wife's death. *See Sanchez*, 72 Cal. App. 4th at 253 n.1 ("We do not in this opinion address the duties of so-called 'public adjusters,' who are retained by insureds or claimants.").

[10] *See* Exhibit H to plaintiff's motion to remand.

Herman & Associates.[11]

In sum, plaintiff admits he has no viable claim against defendant Zurich Kemper. Further, plaintiff has failed to state a cognizable claim for negligence under Alabama law against defendant Herman & Associates. The latter conclusion justifies removal of the action to this court, as the requirements of complete diversity are met. Accordingly, plaintiff's motion to remand is due to be denied, and the motions to dismiss filed by those two defendants are due to be granted. Further, defendants' motion to strike state court discovery is due to be granted, and plaintiff's motion for leave to amend his complaint is due to be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's action shall proceed in this court solely against defendant Federal Kemper. An order consistent with this memorandum opinion shall be entered

---

[11] As discussed *supra*, plaintiff has also moved for leave to amend his complaint, so as to add a similar negligence claim against Jeff Stewart. Plaintiff did not initially sue Stewart, because he was under the impression that Herman & Associates employed him. Under that analysis, Herman & Associates would have been liable under the doctrine of *respondeat superior* for the negligent acts of Stewart. Plaintiff only sought to amend after Donald L. Herman stated in affidavit that Herman & Associates did not employ Stewart.
   The bottom line is that plaintiff seeks to hold liable for negligence those persons or entities that investigated, evaluated, and reviewed his claim. This court has concluded, however, that Alabama law does not provide a cause of action for negligent handling of insurance claims. Thus, plaintiff's targeting of both Herman & Associates and Stewart is irrelevant, as neither can be held accountable for negligent acts taken in recommending the denial of the claim to Federal Kemper.

contemporaneously herewith.

DONE this **23rd** day of June, 2000.

_____
United States District Judge